**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| SHAWNTELLE E.,[1]<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of the Social Security Administration*,<br>Defendant. | ) | Civil Action No. 3:25-CV-501 (RCY) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff Shawntelle E. comes before this Court to challenge the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final decision to deny her Title II application for disability insurance benefits. On August 14, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment (ECF No. 15). The R&R recommended that the Court (1) grant the plaintiff's motion for summary judgment; (2) deny the Commissioner's motion for summary judgment; (3) reverse the final decision of the Commissioner; and (4) remand the case for further administrative proceedings. No party objected to the Magistrate Judge's substantive findings and disposition of the motions for summary judgment. Plaintiff only objects to the Magistrate Judge's recommendation of the appropriate remedy—specifically, remand for further proceedings—arguing instead for remand solely for payment of benefits.[2] For the reasons that follow, the Court will overrule Plaintiff's objection and will adopt the Magistrate Judge's R&R in full.

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by first name and last initial in social security cases.

[2] Though, somewhat confusingly in light of her Objection to the Magistrate Judge's recommendation that the Court *not* remand for direct award of benefits and instead remand for reconsideration, in the Objection's prayer for relief, Plaintiff does ask in the alternative that "G. Plaintiff's case be remanded for such other and further

## I. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). In conducting *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge.

Any portion of an R&R not properly or specifically objected to is subject only to clear error review. *Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005).

Upon concluding its review, a court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. ANALYSIS

As a preliminary matter, the Court has reviewed the unobjected-to portions of the R&R for clear error and, finding none, finds it appropriate to adopt those portions of the R&R pertaining to granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment. This leaves only the question of the appropriate remedy.

Plaintiff objects to the remedy recommended by the Magistrate Judge on the ground that her case is indeed the "unusual" case or "rare circumstance" meriting a direct award of benefits. The Court must therefore assess *de novo* whether the case, in fact, does.

Section 405(g) of the Social Security Act authorizes a district court to reverse the administrative decision, "with or without remanding the cause for a rehearing." 42 U.S.C.

---

administrative proceedings [as] this Court deems appropriate, just and equitable," *see* Obj. 9, ECF No. 16, i.e., the very remedy provided in the R&R.

§ 405(g). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). "[I]t is only in those cases . . . where it is clear that there is no account on which substantial evidence would support a denial of coverage . . . that a court may exercise its discretion to direct the award of benefits as a remedy for a failure to explain." *Carr v. Kijakazi*, 2022 WL 301540, at *4 (4th Cir. Feb. 1, 2022) (citing *Radford*, 734 F.3d at 296).

Here, the Court agrees with the Magistrate Judge's assessment that, while the ALJ's failure to build an accurate and logical bridge between the evidence and the conclusions reached certainly frustrates substantial evidence-review, it does not establish that "it is *clear* that there is *no account* on which substantial evidence would support a denial of coverage." *Carr*, 2022 WL 301540, at *4 (emphases added). And, contrary to Plaintiff's arguments, the added context of this being the third remand of Plaintiff's case does not change the landscape sufficiently to make "clear" that "the record *does not* contain substantial evidence to support a decision denying coverage *under the correct legal standard*." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (emphases added).[3]

Notably, the record is incomplete insofar as the ALJ did not identify the substantial evidence, other than the contrary objective medical evidence, upon which he relied in discounting

---

[3] Plaintiff acknowledges that the length of the process alone is insufficient cause to direct an award of benefits, even where that process includes prior remand. Obj. 5; *accord Breeden*, 493 F.2d at 1011–12; *see also Carr*, 2022 WL 301540, at *5 (affirming remand over the direct award of benefits even where the case was on its third remand). Notwithstanding this acknowledgement, Plaintiff attempts to re-cast the procedural history of the case into an implication that the administrative agency simply cannot get this case right, given how the record has swelled and the necessary limitations on an ALJ's time, due to their caseloads. Obj. 7–8. But the Court is not persuaded that varying analytical deficiencies to date necessarily mean the next ALJ will resort to improper post-hoc rationalizations to justify a denial of benefits. *Cf.* Obj. 7 n.3 (arguing that, if the next ALJ to be assigned the case came up with a novel rationale supporting denial, where prior ALJs' rationalization efforts had all failed, it "would be tantamount to post hoc rationalization").

Plaintiff's subjective evidence, despite acknowledging that he could not reject Plaintiff's allegations "*solely* because the available objective medical evidence does not substantiate [her] statements." R. at 3107 (alteration in original). This is not a gap that the Court may fill on its own, *Radford*, 734 F.3d at 296, and without a proper determination of the facts—a job proper for an ALJ, not this Court—or greater showing of exceptionality, a direct award of benefits would be improper, *see id.* (vacating district court's direct award of benefits in light of "ambivalence" of record and "conflicting evidence" as to disability).

For the foregoing reasons, the Court agrees with the Magistrate Judge's reasoning and conclusions with respect to the appropriate remedy in the case at bar. Thus, finding the R&R to be well-reasoned, supported by the record and applicable law, and consistent with this Court's *de novo* assessment, the Court will adopt the R&R in full.

## III. CONCLUSION

Having reviewed the record *de novo*, the Court will overrule Plaintiff's objection to the Magistrate Judge's R&R, adopt the R&R in full, grant the Plaintiff's Motion for Summary Judgment, deny the Commissioner's Motion for Summary Judgment, reverse the final decision of the Commissioner, and remand the case for further administrative proceedings.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 28, 2026
Richmond, Virginia